Nora MATTHEWS, Plaintiff,

v.

R.L. BROWNLEE, Acting Secretary,
Department of the Army,
Defendant.

Civil Action No. 02–M–1318–S.

United States District Court,
M.D. Alabama,
Northern Division.

March 24, 2004.

Deborah Hill Biggers, Tuskegee Institute, AL, for Plaintiff.

Martha Ann Miller, Montgomery, AL, for Defendant.

## ORDER

McPHERSON, United States Magistrate Judge.

Nora Matthews ["Matthews"] initiated this lawsuit against the Secretary of the United States Army in his official capacity ["Army"]. Pending before the court is Brownlee's Motion for Summary Judgment, filed on 12 September 2003 (Doc. # 13). For the reasons that follow, the motion is due to be GRANTED.

## I. PROCEDURAL HISTORY

Matthews has been employed by the Army since 1965 (Matthews Deposition–Def. Exhibit 22: 10) and has a longstanding history of equal employment opportunity claims against her employer (Doc. # 14, p. 2). Three of these most recent claims have been consolidated into one action that is the subject of the present suit. Matthews has asserted a claim of continued reprisal due to a hostile work environment and retaliation, stemming from race discrimination (Complaint, Doc. # 1). The court notes, however, that her initial claim before the Equal Employment Opportunity Compliance and Complaints

Review Agency ["EEOCRA"] did not contain a claim for a hostile work environment.

Matthews filed a complaint against the Army with the EEOCRA on 1 December 1998 (Doc. # 14, p. 4). The complaint alleged discrimination on the basis of race and continued reprisal. Thereafter, Matthews and the Army entered into a negotiated settlement agreement ["NSA"] on 12 April 1999 (Doc. # 14, p. 3). As a condition thereof, she withdrew her complaint pending before the EEOCRA (Doc. # 14, p. 3). The NSA stipulated that

> [w]ithin 14 calendar days of the date of this agreement, the Complainant and Management will develop a Job Description which accurately describes the duties the Complainant has been performing since October 1, 1996 (and to the present) and the level of responsibility required

(Doc. # 14, p. 4).

The Army breached the above condition. As a result, Matthews requested that the EEOCRA reinstate her initial claim (Doc. # 14, p. 4). The EEOCRA determined that the Army had complied with the NSA and denied Matthews' request for reinstatement on 13 December 1999. Thereafter, the EEOC's Office of Federal Operations ["OFO"] found that the Army had not complied with the NSA (Doc. # 14, p. 4). As a result, the Department of Defense's Office of Complaint Investigations ["OCI"] held a conference regarding Matthews' claims. Matthews then requested a hearing before an Administrative Law Judge ["ALJ"] at the Equal Employment Opportunity Commission ["EEOC"] to de-

termine the merits of her complaint (Doc. # 14, p. 5).

Matthews later sought to amend her complaint to add a claim for a hostile work environment, on the basis of race and reprisal (Doc. # 14, p. 5). Her request was denied (Doc. # 14, p. 5). On 8 August 2002, the ALJ determined that the Army neither discriminated nor retaliated against Matthews (Doc. # 14, p. 6). The Army concurred with the ALJ and issued notice of the same to Matthews on 22 August 2002 (Doc. # 14, p. 6). Matthews appealed the Army's final decision to the EEOC/OFO on 1 October 2002 (Doc. # 14, p. 6).

While the appeal was still pending at the EEOC, and before the proscribed statutory period expired, on 3 December 2002, Matthews filed in federal court a claim arising from the same facts as the claim pending before the EEOC (Doc. # 14, p. 6). At issue is whether this court has jurisdiction to hear Matthews' claim. Upon consideration of the pertinent facts and the applicable law, the court has concluded that it lacks jurisdiction to hear this case and therefore, the Army's Motion for Summary Judgment (Doc. # 13) is due to be GRANTED.

## II. STANDARD OF REVIEW

Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". *Fed.R.Civ.P. 56(c)*. On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party.[1] *Adickes v. S.H. Kress & Co.*, 398

---

1. The Supreme Court explained that:
 [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon mo-

tion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the bur-

U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996).

In responding to a motion for summary judgment,

> The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548, 91 L.Ed.2d 265. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

*Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir.1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 322–23, 106 S.Ct. 2548). Thus, consideration of a summary judgment motion does not lessen the burden on the nonmoving party, i.e., the nonmoving party still bears the burden of coming forth with sufficient evidence on each element that must be proved.[2] *Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990); see *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

---

den of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citations omitted).

**2.** "[I]f on any part of the *prima facie* case there would be insufficient evidence to require submission of the case to a jury, ... [the court must] grant of summary judgment [for the defendant]." *Earley,* 907 F.2d at 1080 (citations omitted). In *Earley,* the Court of Appeals further emphasized:

## III. DISCUSSION

### A. The Applicable Law

Title VII provides that:

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty [180] days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

---

The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

\* \* \* \* \* \*

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511 (citations omitted) (emphasis added); *accord Hudson v. Southern Ductile Casting Corp.,* 849 F.2d 1372, 1376 (11th Cir.1988).
*Earley,* 907 F.2d at 1080–81.

42 U.S.C. § 2000e–5(f)(1) (emphasis added).

The above statutory provision has been interpreted as a bar to a federal court's exercise of jurisdiction over claims appealed to the EEOC, until there has been resolution of those claims. *See Thompson v. West*, 883 F.Supp. 1502, 1508 (M.D.Ala. 1995). *See also Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir.1990).

### B. Timeliness of the Claim

The Army asserts that Matthews' claim of continued reprisal due to a hostile work environment and retaliation, which arises from her race discrimination claim, should be dismissed for lack of subject matter jurisdiction because Matthews failed to exhaust her administrative remedies before the EEOC prior to filing this lawsuit.

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To redress employment discrimination under Title VII, an employee is required to file a charge of discrimination with the EEOC

within 180 days of the alleged act. *See* 42 U.S.C. § 2000e–5(e).[3] Furthermore, the filing of a charge must precede the filing of an action in court.

 Matthews met this requirement when she filed her original action on 12 December 1998. However, she attempted to bypass mandatory statutory procedure during her appeal of the Army's final administrative decision to the EEOC/OFO on 1 October 2002. As a matter of law, when a plaintiff has a choice of fora in which to appeal a final agency decision (i.e. either the courts or an administrative agency such as the EEOC), and the plaintiff chooses the administrative review process, the plaintiff is required to exhaust the administrative review process.[4] Completion in the instant matter would be 180 days from 1 October 2002. *See* 42 U.S.C. § 2000e–5(f)(1) as noted, *infra.* This rule of law is clearly explained in *Thompson v. West*, 883 F.Supp. at 1508:

> . . . Had the plaintiff proceeded with her EEOC appeal in accordance with the governing regulations, the plaintiff could have sought review of the Army's final decision by the EEOC, *or* she could have properly filed suit in federal court. The plaintiff simply failed to pursue and complete the route within the EEOC system, which she alone chose, by with-

---

**3.** These rules are not mere technicalities, but are integral parts of Congress' statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." *Thompson v. West*, 883 F.Supp. 1502,-1507 (M.D.Ala.1995). The Supreme Court has repeatedly upheld dismissal or summary judgment in cases where a plaintiff has failed to pursue an administrative discrimination complaint in a timely manner. *Lorance v. AT & T Technologies, Inc.*, 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam); *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431

(1980); *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 ·L.Ed.2d 571 (1977).

**4.** This court has recently held, as to an action brought under the Age Discrimination in Employment Act, that a complainant who chooses to pursue EEOC review of an initial agency determination must exhaust that avenue of relief before bringing a civil action, *White v. Frank*, 895 F.2d 243, 244 (5th Cir.1990), and the rule announced in *White* for ADEA actions applies [in] equal force to Title VII actions.

*Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir.1990).

drawing early and proceeding to federal court. The Army had no role in that decision. If the court were to allow the plaintiff to return to the administrative process, the court would go against statutory and regulatory authority, as well as established legal precedent.

To be sure, Matthews' filing of her administrative claim was timely for purposes of preserving her right to maintain a subsequent action in federal court. However, Matthews' failure to exhaust her administrative remedy by refusing to await the EEOC's decision on appeal was error. *Compare Tolbert v. United States*, 916 F.2d at 248.

Admittedly, had Matthews chosen to forego her appeal to the EEOC, and proceeded directly to federal court, the court could have lawfully exercised jurisdiction over her claims. However, that is not the path she chose. "Impatience with the agency does not justify immediate resort to the courts." *Id.* at 248 citing *Jordan v. United States*, 522 F.2d 1128, 1132 (8th Cir.1975).[5]

### IV. CONCLUSION

Accordingly, the defendant's Motion for Summary Judgment (Doc. # 13) is hereby GRANTED, and Matthews' claims are DISMISSED without prejudice.

---

[5] There is no genuine issue as to any of the material facts upon which the court relies in articulating its conclusions. The procedural history of this case is undisputed. Indeed, Matthews acknowledges that "OFO did not issue a decision before [she] filed this lawsuit" (Doc. # 21, p. 7). Moreover, inasmuch as Matthews admits that she appealed the Army's final decision to the EEOC on 1 October 2002, and she filed the instant civil action on 3 December 2002, the court takes judicial notice that she did not wait 180 days to file her lawsuit as required by the statute.