United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 05-30037
Summary Calendar

---

LIONEL ROLLAND, JR.,

Plaintiff-Appellant,

VERSUS

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;
ANTHONY J. PRINCIPI,
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, IN HIS INDIVIDUAL CAPACITY;
JIM NICHOLSON,
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, IN HIS OFFICIAL CAPACITY;
JOHN D. CHURCH, JR.,
DIRECTOR OF THE DEPARTMENT OF VETERANS AFFAIRS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
CASSANDRA HOLIDAY,
INDIVIDUALLY,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
m 2:03-CV-570
m 2:03-CV-3584

---

Before DAVIS, SMITH, and DENNIS,
   Circuit Judges.

PER CURIAM:[*]

Lionel Rolland, Jr., appeals a summary judgment and dismissal of his suit against his former employer, the United States Department of Veterans Affairs ("VA").[1] Finding no error, we affirm, essentially for the reasons set forth by the district court in its comprehensive, twenty-nine-page opinion.

## I.

Rolland alleges discriminatory treatment at the workplace, including retaliation and termination, on the basis of sex, race, color, and disability.[2] He bases these claims on the Americans with Disabilities Act,[3] the Rehabilitation Act,[4] the Family Medial Leave Act ("FMLA"),[5] title VII of the Civil Rights Act of 1964,[6] and 42 U.S.C. §§ 1981, 1983, 1985, and 1986. He bases federal jurisdiction on title VII and 42 U.S.C. §§ 1983, 1985, and 1986.

The district court dismissed the title VII, FMLA, and Rehabilitation Act claims for lack of jurisdiction for failure to exhaust available administrative remedies. The claims under the ADA and the civil rights statutes were dismissed for failure to state a claim on which relief could be granted and as preempted.

On appeal, both parties limit their briefing to the issues surrounding the title VII claims; therefore, our review is limited likewise. We review both a dismissal under Federal Rule of Civil Procedure 12(b) and a summary judgment under Federal Rule of Civil Procedure 56 *de novo*.[7]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Rolland also names as defendants, in their various capacities, certain VA officials and employees. The district court found that these individuals were not properly before the court as defendants: "[T]here is no allegation that either Secretary Principi or Director Church committed any act or omission with regard to [Rolland's] complaints and certainly not in any capacity other than an official one . . . . Nowhere in Rolland's complaints has he alleged or described any conduct by Holiday in an individual capacity . . . ." On appeal these parties remain nominally part of the suit, but Rolland does not appeal the district court's finding that these persons are not proper defendants. Therefore, we treat this matter as though Rolland had sued Principi in his professional capacity as Secretary and thereby the VA itself.

[2] In addition he alleged a state law claim, which was dismissed pursuant to Federal Rule (continued...)

[2](...continued)
of Civil Procedure 12(b)(6). Rolland does not appeal this decision.

[3] 42 U.S.C. § 12101 *et seq*.

[4] 29 U.S.C. § 701 *et seq*.

[5] 29 U.S.C. § 2601 *et seq*.

[6] 42 U.S.C. § 2000e *et seq*.

[7] *Hebert v. United States*, 53 F.3d 720, 722 (5th Cir. 1995) ("We review *de novo* a district court's granting of a motion to dismiss for lack of subject matter jurisdiction."); *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir. 1993) ("We review the grant of summary judgment de novo, applying the same standard as the district court."). For summary judgment, the Court views all evidence in the light most favorable to the non-moving (continued...)

## II.

Rolland initially complained to the Equal Employment Opportunity Commission ("EEOC") of his perceived workplace discrimination; he chose to appeal the EEOC's final decision to the Merit System Protection Board ("MSPB"). After sending a letter to the MSPB, requesting dismissal of his appeal, he received an initial decision from the MSPB stating that his case had been dismissed. In this document he was informed that the decision would become final in 30 days and would become appealable at that point. He sued in federal court 27 days later.

## III.

The VA is a federal agency. Sovereign immunity protects the federal government and its agencies from being sued without consent.[8] Sovereign immunity is waived by clear and unequivocal statutory language. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Shanbaum*, 32 F.3d at 181. Title VII permits suit against the federal government in cases alleging discrimination in a government workplace if all administrative remedies are exhausted first.[9]

In *Tolbert v. United States*, 916 F.2d 245 (5th Cir. 1990), we defined title VII's exhaustion standard as requiring a plaintiff to file his lawsuit timelySSnot before and not after the statutorily allotted time. "It seems obvious that [a complainant] who files too early, has, by definition, filed before [he] has exhausted [his] administrative remedies . . . ." *Id.* at 247-48. We reasoned that filing too early is not a defect that can be cured by the passage of time. *Id.* at 249.

Title 5 U.S.C. § 7703(b) permits a judicial appeal of an MSPB final ruling. Rolland sued in federal court three days before the MSPB decision became final. He therefore did not exhaust the available administrative remedies. Consequently, jurisdiction has not vested in federal court.

Rolland attempts to invoke the doctrine of equitable tolling.[10] As the district court point

---

[7](...continued)
party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ("In [entertaining a motion for summary judgment] the court must draw all reasonable inferences in favor of the nonmoving party . . . .").

[8] *United States v. Testan*, 424 U.S. 392, 399 (1976) ("It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (quoting *United States v. Sherwood*, 312 U.S. 584 (1941)); *Shanbaum v. United States*, 32 F.3d 180, 181 (5th Cir. 1990) (noting that the federal government may be sued only on clearly stated consent); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")

[9] 42 U.S.C. § 2000e-16(a) (1994); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820 (1976) (holding that title VII requires compliance with administrative procedures before the federal courts acquire jurisdiction).

[10] This argument is intermingled, in Rolland's brief, with the contention that federal courts acquired jurisdiction of the claim 180 days after he filed his first complaint with the EEOC. This argument is incorrect. After Rolland received a final decision from the EEOC, he was given a choice of pursuing an appeal in federal court or with the MSPB. He elected the MSPB and thereby committed himself to abide by these administrative procedures. *See Vinieratos v. United States Dep't of*
(continued...)

3

ed out, however, this doctrine is applicable in only very limited circumstances.[11]  A complainant's failure to follow administrative procedures, particularly where he is represented by counsel, is not one of the grounds for equitable tolling.

### IV.

Rolland's employment discrimination claims under §§ 1983, 1985, and 1986 are precluded by our caselaw.  "Title VII provides the exclusive remedy for employment discrimination claims raised by federal employees." *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citing *Brown*, 425 U.S. at 835).  The district court properly dismissed those claims.

AFFIRMED.

---

[10](...continued)
*Air Force*, 939 F.2d 762 (9th Cir. 1991) ("[Title VII] requires an aggrieved federal employee to elect one exclusive remedy and to exhaust whatever remedy he chooses.").

[11] As eloquently stated by the district court, "[t]he doctrine of equitable tolling . . . may be invoked when: (1) the claimant actively pursued his judicial remedies in the prescribed time period; (2) he was induced or tricked by his adversary's misconduct into allowing the deadline to pass; (3) the court leads a plaintiff to believe that he has done all that is required; (4) the plaintiff has received inadequate notice . . . ." *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (noting instances of equitable tolling where the complainant pursued judicial remedies within the appropriate statutory time or was tricked by his adversary as to the filing deadline, but refusing to receive an untimely filing where the claimant did not exercise due diligence); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (stating lack of proper notice is ground for equitable tolling); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11-12 (2d Cir 1994) (listing a court's behavior, leading plaintiff to believe no more is required, as a reason for equitable tolling).

4