Carolyn SAULTERS, Plaintiff,

v.

R. James NICHOLSON, Secretary of the Department of Veterans Affairs, Defendant.

Civil Action No. 05–40168–FDS.

United States District Court,
D. Massachusetts.

Dec. 4, 2006.

James M. Galliher, Bonville & Howard, Fitchburg, MA, for Plaintiff.

Mark J. Grady, United States Attorney's Office, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

SAYLOR, District Judge.

This is an action alleging unlawful discrimination on the basis of race and disability. Pending before the Court is defendant's motion to dismiss for failure to exhaust administrative remedies. For the reasons set forth below, the motion will be denied. While it is true that plaintiff filed this action before her administrative remedies had been exhausted, because she did not serve the complaint and the filing did not impede the resolution of the administrative action in any way, this claim will not be dismissed.

### I. Background

Plaintiff Carolyn Saulters is a disabled veteran who was honorably discharged after serving in the Army for 16 years. On October 30, 2003, she was hired by the Bedford (Massachusetts) Veterans Affairs Medical Center to work in the food service department. She was terminated effective February 11, 2004.

Plaintiff filed a complaint with the Department of Veterans Affairs on April 22, 2004, contending that she was discriminated against on account of her race and her disability. After a hearing, the administrative law judge found in favor of the Department on June 15, 2005. That decision was adopted by the Office of Employment Discrimination Complaints Adjudication on June 23, 2005, as the final agency action. Plaintiff appealed to the Office of Federal Operations ("OFO") on July 5, 2005. On September 23, 2005, while that appeal was pending, she filed the present action with this Court. On January 4, 2006, before defendant was served, the OFO denied the appeal.

Plaintiff contends that she re-filed her complaint with this Court on January 20, 2006, though that filing was never docketed. In any event, defendant was served on April 27, 2006. It now seeks to dismiss the complaint for failure to exhaust administrative remedies.

## II. *Analysis*

 The exclusive judicial remedy for a federal employee who has suffered employment discrimination lies with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. Brown v. General Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). However, prior to filing a Title VII claim in federal court, a complainant must first exhaust his or her administrative remedies. *Morales–Vallellanes v. Potter*, 339 F.3d 9, 18 (1st Cir. 2003) (citing *Jensen v. Frank*, 912 F.2d 517, 520 (1st Cir.1990)).

Defendant argues that the exhaustion doctrine requires strict adherence to the filing requirements set forth in 29 C.F.R. § 1614.407. That regulation provides that once a complainant has filed a complaint with the appropriate government agency, she may proceed directly to district court within 90 days of the final agency decision or after 180 days from the date of filing if the agency has not reached a final decision. 29 C.F.R. § 1614.407(a)-(b). Alternatively, she may file an administrative appeal. If she does so, she may bring an action in district court within 90 days of the final appeal decision or after 180 days from the date of filing if there has been no final decision on appeal. 29 C.F.R. § 1614.407(c)-(d).

Defendant contends that plaintiff filed an administrative appeal of the agency's final decision with the OFO on July 5, 2005. In electing this path, she was required to wait either for the OFO's final decision or the passage of 180 days if no final decision was reached before filing an action in this Court. She in fact filed her complaint 80 days after her appeal, while the appeal was still pending. Defendant alleges that plaintiff violated the filing timetable mandated by 29 C.F.R. § 1614.407, and therefore has failed to exhaust all administrative remedies. Plaintiff's situation is complicated somewhat by the fact that she apparently allowed the appeals process to continue even though she filed an action in this Court; in fact, the OFO's decision was handed down before defendant was even served in this case.

The First Circuit has not addressed the issue of cure when a plaintiff has prematurely filed a Title VII claim while an administrative appeal is pending. Other courts have reached contrary conclusions as to whether an early filing can be cured. Thus, in *Tolbert v. United States*, 916 F.2d 245 (5th Cir.1990), the claimant filed a Title VII administrative appeal, followed by a premature filing with the district court. *Id.* at 247. The Fifth Circuit held that administrative exhaustion requirements should be strictly construed, and that therefore a party may file in district court neither too early nor too late. *Id.* at 249. The court also held that if the final appeal decision is handed down before the district court complaint is dismissed, there is no cure. *Id.* Several circuits and districts have followed this reasoning.[1]

 By contrast, in *Brown v. Snow*, 440 F.3d 1259 (11th Cir.2006), the Eleventh Circuit held that the critical issue in determining exhaustion is not when the com-

---

1. *Askew v. Stone*, 81 F.3d 160, 1996 WL 135024, at *2–38 (6th Cir.1996) (citing *Tolbert*, holds that "strict compliance" with time of filing requirements is necessary); *Rivera v. U.S.P.S.*, 830 F.2d 1037, 1038–1039 (9th Cir. 1987) (party filing prematurely must re-file after administrative decision entered); *Fleming v. Potter*, 2005 U.S. Dist. LEXIS 9546, at

*19 (E.D.Va. May 17, 2005); *Hill v. Runyon*, 12 F.Supp.2d 30, 33 n. 2 (D.D.C.1998) (specifically quoting sentence from *Tolbert* regarding the ability to cure without further discussion); *Thompson v. West*, 883 F.Supp. 1502, 1509 (M.D.Ala.1995); *Porter v. Dep't of the Army*, 1993 U.S. Dist. LEXIS 4066, at *22–23 (N.D.Ill. Apr. 1, 1993).

plaint was filed, but whether the administrative process was allowed to reach a conclusion without the complainant's interference. *Id.* at 1264. "[T]he purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Id.* at 1263 (quoting *Wade v. Sec'y of Army,* 796 F.2d 1369, 1377 (11th Cir.1986)). Further, when analyzing exhaustion, the court should consider whether "the complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her." *Id.* (quoting *Wade,* 796 F.2d at 1376). On facts similar to those in the present case, the *Brown* court held that because the complainant cooperated with the administrative agency in good faith and the agency was allowed to complete its investigation, the complainant's premature filing was not grounds for dismissal. *Id.* at 1264.

This Court is persuaded by, and therefore follows, the reasoning in *Brown.* The Supreme Court has stated that the exhaustion requirement serves two main purposes. First, it allows the agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo,* 548 U.S. ——, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (citing *McCarthy v. Madigan,* 503 U.S. 140, 145, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)). Second, it promotes efficiency, as administrative action typically proceeds more quickly than courtroom litigation. *Id.* at ——, 126 S.Ct. 2378. Even when a dispute "survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration." *Id.* at ——, 126 S.Ct. 2378 (citing *McCarthy,* 503 U.S. at 145, 112 S.Ct. 1081). Furthermore, exhaustion means "using all steps that

the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* at ——, 126 S.Ct. 2378 (citing *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir.2002)) (emphasis in original). Exhaustion requirements are designed to "give the agency a fair and full opportunity to adjudicate [a claimant's] claims." *Id.* at ——, 126 S.Ct. 2378.

Thus, the exhaustion doctrine appears to require only that the administrative review process be allowed to proceed unhindered until completion. Nothing in the Supreme Court's language suggests that exhaustion principles would force this Court to dismiss a claim filed prematurely in all circumstances. On the contrary, the language supports the *Brown* court's conclusion that ensuring that "the agency [is] given every opportunity to investigate and resolve the dispute [is] all that is intended by the exhaustion requirement." *Brown,* 440 F.3d at 1263 (citing *Wade,* 796 F.2d at 1378).

■ In the present case, there is no indication that plaintiff hindered the administrative process in any way. The agency was allowed to "correct its own mistakes" before being brought into court, as defendant was not even served until after the final OFO decision. The premature filing did not impair the efficiency of the administrative process, as the OFO was apparently unaware of the filing. Furthermore, there is now a full administrative record for this Court to examine. Plaintiff's filing in this Court was not an effort to "abandon" her administrative remedies or "abort" the administrative proceedings. *See Tolbert,* 916 F.2d at 249 (quoting *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981)). At most, it was the action of an over-anxious litigant that was allowed to lie dormant until after the administrative process had run its course.

The premature filing was therefore cured by the subsequent exhaustion of administrative remedies. Accordingly, defendant's motion to dismiss is DENIED.

So Ordered.