# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-10989
Summary Calendar

VALERIE M. FOBBS

Plaintiff – Appellant

v.

JOHN E. POTTER, Postmaster General United States Postal Service

Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-63

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges..

PER CURIAM:[*]

Plaintiff-Appellant Valerie Fobbs appeals the district court's grant of the United States Postal Service's ("Postal Service") motion to dismiss. The district court found that it lacked jurisdiction over her employment discrimination claim because she failed to exhaust her administrative remedies prior to filing suit. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

Fobbs is an employee of the Postal Service. Fobbs was long employed as a mail carrier in New Orleans, but in the wake of Hurricane Katrina, she was reassigned to a temporary position with the Mesquite Post Office in the Dallas, Texas area. At the time of her reassignment, Fobbs had attained a Level Six employment position. A few months after her transfer, on June 7, 2006, the Postal Service notified Fobbs that she had been downgraded to a Level Five position. Fobbs contends that she was the only reassigned employee downgraded in this manner and that all other employees reassigned due to Hurricane Katrina retained their prior employment grade level. Fobbs alleges that her downgrade violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16 ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA").

Fobbs filed a complaint with the Postal Service's Equal Employment Office ("EEO") to challenge her downgrade. An administrative hearing on her complaint was held on July 10, 2007, and the EEO Administrative Judge subsequently entered a finding of no discrimination. Fobbs appealed that decision to the Equal Employment Opportunity Commission ("EEOC"), which affirmed on October 23, 2007. On November 11, 2007, Fobbs filed a request for reconsideration of the EEOC decision.

While the request for reconsideration was still pending, Fobbs filed the instant suit in the district court on January 14, 2008, and the Postal Service moved to dismiss. On October 2, 2008, the district court dismissed Fobbs's complaint without prejudice for failure to properly exhaust her administrative remedies. Fobbs appeals.

## DISCUSSION

This court reviews the district court's grant of a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, including the

determination of whether the exhaustion requirement is satisfied, *de novo*. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *Herbert v. United States*, 53 F.3d 720, 722 (5th Cir. 1994) ("We review *de novo* a district court's granting of a motion to dismiss for lack of subject matter jurisdiction.").

A federal employee who wishes to sue for discrimination under Title VII or the ADEA must first exhaust her administrative remedies. *See Pacheco*, 448 F.3d at 788; 29 C.F.R. § 1614.407. Fobbs properly filed a discrimination charge with her agency's EEO.[1] After the Postal Service denied her claim, Fobbs had a choice: appeal to the EEOC or file suit in district court. *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990). Fobbs appealed the EEO administrative finding of no discrimination to the EEOC, and the EEOC affirmed. At that point, Fobbs had ninety days to file her suit in federal court. 29 C.F.R. § 1614.407.

Instead, Fobbs asked the EEOC to reconsider its decision. Once Fobbs chose to continue along the administrative relief path by requesting reconsideration by the EEOC she was required to wait until that administrative remedy was exhausted. *Cf. Tolbert*, 916 F.2d at 248; 29 C.F.R. § 1614.407 (a federal employee otherwise eligible to proceed to district court with her Title VII or ADEA employment discrimination claim may only do so "[w]ithin 90 days of the Commission's final action on appeal," or "after 180 days from the date of the filing of an appeal with the Commission if there has been no final decision by the Commission").

Fobbs filed suit in the district court both before the EEOC's "final action" on her appeal – a decision on her request for reconsideration – and before 180

---

[1] Although the district court stated that Fobbs initiated her charges in an EEOC complaint, Fobbs in fact initiated her discrimination charges with the Postal Service's EEO. Federal employees must first file a charge of discrimination with the EEO division of their agency. This is in contrast to private sector employees, who exhaust their administrative remedies by first filing a charge with the EEOC. *Pacheco*, 448 F.3d at 788 & n.6.

days passed from her filing of that request. A premature filing is a failure to exhaust administrative remedies and requires dismissal of the complaint for lack of jurisdiction.[2] *Tolbert*, 916 F.2d at 249. The fact that the EEOC entered a final decision denying Fobbs's request for reconsideration while the motion to dismiss was pending in the district court does not change our analysis. *Id.*

## CONCLUSION

Finding no error, we AFFIRM the judgment of the district court.

---

[2] The presence of Fobbs's ADEA claim in addition to her Title VII claim presents a minor distinction from *Tolbert*, but one without significance. The regulation our court interpreted in *Tolbert* was succeeded by 29 C.F.R. § 1614.407, which applies the 90- and 180-day windows to claims under Title VII, the ADEA, and the Rehabilitation Act.