# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2009

Charles R. Fulbruge III
Clerk

No. 09-60401
Summary Calendar

DAVID ATKINS,

Plaintiff-Appellant,

v.

DIRK KEMPTHORNE, Secretary, Department of the Interior,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
U.S.D.C. Case No. 07CV314

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant David Atkins appeals the district court's grant of the Department of the Interior's ("DOI") motion to dismiss. The district court found that it lacked jurisdiction over his Rehabilitation Act discrimination claim because he failed to exhaust his administrative remedies prior to filing suit. We AFFIRM, and modify to reflect dismissal without prejudice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    BACKGROUND

Atkins began his employment with the DOI's National Park Service as a Park Ranger on May 12, 1984. In 1986, Atkins was diagnosed with Type I diabetes. On June 27, 2000, pursuant to the National Park Service's Occupational Medical Standards, Atkins was found not medically qualified to perform the essential functions of his job due to his poor vision and uncontrolled diabetes. On July 31, 2002, Atkins was granted a medical waiver from the Medical Review Board ("MRB"), with specific conditions that he was ordered to follow. In 2003, the MRB once again conducted a medical review and again found that Atkins could not perform the essential functions of his job due to his poor vision and diabetes. The MRB granted him another medical waiver on June 30, 2003.

Atkins came under medical review yet again in 2005, and once again, the MRB concluded that he was not medically qualified to complete the essential functions of his job. This time, however, the MRB declined to issue another waiver–due to Atkins' non-compliance with the conditions imposed in the previous medical waivers. On August 12, 2005, Atkins received a Medical Board of Review Determination Memorandum informing him of the denial of his requested waiver of his medical condition. Consequently, his employment as a law enforcement employee was terminated on September 6, 2005, and he was offered a Staff Ranger position. He accepted that position and still holds the position today.

Atkins alleges that this downgrade violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (1994).[1] He filed a complaint with the DOI's Equal Employment Office ("EEO") to challenge his downgrade. After a

---

[1] Section 504 provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of his or her disability ... be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a) (1994).

hearing, the Administrative Judge issued his decision concluding that Atkins had not been discriminated against based on his alleged disability, and on July 2, 2007, the DOI issued its Final Agency Decision affirming the Administrative Judge's finding. Atkins appealed that decision to the Equal Employment Opportunity Commission ("EEOC") on August 6, 2007.

On December 14, 2007, only 130 days after filing with the EEOC, he filed the instant action in the district court. The DOI filed a Motion to Dismiss arguing that the district lacked subject matter jurisdiction because Atkins had failed to exhaust his administrative remedies. On March 2, 2009, the district court dismissed Atkins' complaint with prejudice for failure to properly exhaust his administrative remedies. Atkins appeals.

## II.    ANALYSIS

### A.    STANDARD OF REVIEW

This Court reviews the district court's grant of a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, including the determination of whether the exhaustion requirement is satisfied, *de novo*. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir.2006); *Herbert v. United States*, 53 F.3d 720, 722 (5th Cir. 1994) ("We review *de novo* a district court's granting of a motion to dismiss for lack of subject matter jurisdiction.").

### B.    ATKINS' FAILURE TO EXHAUST

A federal employee who wishes to sue for discrimination under Title VII, the ADEA, or the Rehabilitation Act, must first exhaust his administrative remedies. *See Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990); 29 C.F.R. § 1614.407 (a federal employee otherwise eligible to proceed to district court with her Title VII, ADEA, or Rehabilitation Act employment discrimination claim may only do so "[w]ithin 90 days of the Commission's final action on appeal," or "after 180 days from the date of the filing of an appeal with

the Commission if there has been no final decision by the Commission")[2]; *see also Fitzgerald v. Sec 32, U.S. Dep't of Veterans Affairs,* 121 F.3d 203, 206 (5th Cir. 1997) (Before bringing suit under the Rehabilitation Act, an aggrieved federal employee must exhaust the available administrative remedies).

Atkins filed suit in the district court before the EEOC issued its "final action" on his appeal, and before the 180 days had passed after the filing of his appeal with the EEOC. Such a premature filing constitutes a failure to exhaust administrative remedies and requires dismissal of the complaint for lack of jurisdiction. *Tolbert*, 916 F.2d at 249; *see also Prewitt v. United States Postal Serv.*, 662 F.2d 292, 303-04 (5th Cir. 1981) ("[W]e must read the exhaustion of administrative remedies requirement of section 501 into the private remedy recognized by both section 501 and section 504 for federal government handicap discrimination.").

Given that Atkins fully admits that he filed his complaint in the district court 130 days after filing with the EEOC, and before the EEOC had issued its "final action" on its appeal, it is quite clear that the district court did not err when it dismissed Atkins' complaint for lack of subject matter jurisdiction.[3]

---

[2] The regulation our court interpreted in *Tolbert* was succeeded by 29 C.F.R. § 1614.407, which applies the 90- and 180-day windows to claims under Title VII, the ADEA, and the Rehabilitation Act.

[3] On appeal, Atkins argues that the Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), and this Court's subsequent decision in *EEOC v. Agro Distribution, LLC*, 555 F.3d 462 (5th Cir. 2009), both overrule *Tolbert*'s holding that the exhaustion of administrative remedies is a jurisdictional prerequisite. This argument is completely unavailing and contains no merit. The fact that the *Arbaugh* Court found that Congress did not intend for the employee numerosity requirement in Title VII to be jurisdictional has absolutely no bearing on this Court's prior conclusion in *Tolbert* that Congress intended for the exhaustion of administrative remedies to be a jurisdictional prerequisite to filing a civil action in federal court. In *Tolbert*, we concluded that the exhaustion of administrative remedies was jurisdictional through our adoption of the Third Circuit's reasoning that: "[a]bsent an indication of contrary congressional intent, we will not countenance circumventing the administrative process in this manner." *Tolbert*, 916 F.2d at 249 (quoting *Purtill v. Harris*, 658 F.2d 134, 138 (3rd Cir. 1981). The fact that the Supreme Court has now decided that the employee numerosity requirement contained within Title VII is not

However, "[b]ecause we dismiss [his] clai[m] for lack of subject matter jurisdiction, the district court's decision must be modified to reflect a dismissal without prejudice." *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

Thus, for the aforementioned reasons, we affirm the district court's decision to dismiss Atkins' complaint, and we modify the district court's judgment to reflect dismissal without prejudice.

---

jurisdictional is of *no* relation to this Court's conclusion in *Tolbert* that plaintiffs should not be permitted to thwart congressional intent and circumvent the administrative process.