**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**F I L E D**
June 23, 2011

No. 10-20512
Summary Calendar

SIMON M. SANCHEZ,

Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE,
Through PATRICK R. DONAHOE, Postmaster General

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(09-CV-351)

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Simon Sanchez appeals the district court's summary judgment on his Title VII retaliation and hostile work environment claims in favor of the United States Postal Service (USPS). Because nothing in the record shows that the reason given for his dismissal from the USPS—that is, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20512

frequent absences from work—was a pretext for employment discrimination, we AFFIRM.

I.

Sanchez was hired by the USPS in 1990. From December 2005 through February 2006, he took 310 hours (or 40 days) of unscheduled sick leave. He did not provide documentation for many of those absences. As a result, Sanchez was subject to escalating discipline, including multiple warning letters, reprimands, and suspensions. In 2005, Sanchez was suspended for seven days for unscheduled absences. He was later suspended for fourteen days for the same reason. Despite these sanctions, Sanchez continued to be absent from work without submitting documentation. In March of 2006 the USPS issued Sanchez a notice of removal from his position. Sanchez pursued a work grievance procedure through his union. As a result, his fourteen day suspension was reduced to a letter of reprimand. Therefore, his letter of removal—which was premised in part on his earlier suspension—was revoked. In May 2006, Sanchez filed an EEO complaint based on these events.

After investigation, an administrative law judge issued a decision in April 2008 finding that the evidence did not support claims for race, color, sex or age discrimination, disability discrimination or retaliation. The EEOC upheld the ALJ's decision on appeal. Sanchez then filed a complaint in the United States District Court for the Southern District of Texas alleging causes of action for age, color, and race discrimination, harassment, retaliation and hostile work environment in violation of Title VII, and for disability discrimination in violation of the Rehabilitation Act of 1973. The USPS moved for summary judgment, arguing that Sanchez failed to meet the prima facie elements of his claims and that his forty days of unscheduled, unexcused, leave was a legitimate, nondiscriminatory reason for Sanchez's termination.

2

No. 10-20512

The district court determined that the USPS was entitled to summary judgment because Sanchez did not present anything to show he was discriminated or retaliated against because of his race, sex, gender, or age.[1] In addition, the court granted the USPS's summary judgment on Sanchez's Title VII hostile work environment claim because Sanchez had not exhausted his administrative remedies by bringing his claim in his May 2006 EEO charge. The district court also rejected Sanchez's Rehabilitation Act claim, deciding that Sanchez had presented nothing in the record to suggest that he has a disability under the Rehabilitation Act.[2]

II.

Sanchez argues that the district court erred in granting summary judgment in favor of the USPS.[3] We review for a district court's grant of summary judgment de novo. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 991–92 (5th Cir. 2005). Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Sanchez asserts that he was retaliated against for prior EEO activity when he was given a letter of removal, escorted from the building and forced to take

---

[1] While Sanchez presented numerous affidavits from co-workers supporting his claim that he was mistreated at work, none of the affidavits show that he was discriminated against based on his race, sex, gender, or age. Nor do they present any information to show that Sanchez was retaliated against because of this March, 2006 EEO complaint.

[2] Sanchez does not appeal the district court's determination on his Rehabilitation Act claim.

[3] In addition, Sanchez argues that this court is required to take judicial notice of a settlement agreement between the USPS and another employee, dated June 14 ,2010. The document purports to show a USPS manager admitting to harassing and threatening USPS employees. Even assuming *arguendo* that this court must take judicial notice of the document—which was never presented to the district court, ostensibly because it was signed after the judgment order—the settlement agreement makes no difference to the resolution of this case. The alleged subsequent mistreatment is of a different employee and the "facts" set forth in the agreement are too attenuated both in time and from Sanchez to be relevant.

No. 10-20512

annual leave in March 2006. "Title VII's anti-retaliation provision forbids employer actions that discriminate against an employee (or job application) because he has opposed a practice that Title VII forbids or has made a charge, testified, assisted or participated in a Title VII investigation, proceeding or hearing." *Burlington N. & Sante Fe Ry. Co. V. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). A plaintiff must establish a causal link between the adverse employment action and a protected activity. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, if a defendant brings forward a legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to produce sufficient evidence to show a reasonable trier of fact that the reason was the pretext for the employment action. *Id.* at 804. This court applies *McDonnell Douglas* burden-shifting framework to retaliation claims. *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).

Even assuming *arguendo* that Sanchez has established a prima facie case, his retaliation claim still fails. The USPS has set forth a legitimate, non-discriminatory reason for firing Sanchez: Sanchez's 301 hours of unscheduled sick leave. Sanchez admits he had "absenteeism issues" and only submitted documentation for less than half of his absences. He argues instead, that the temporal proximity between his firing and his EEO complaint supports his claim. That is not sufficient to create a material issue of pretext. As this court has held, "temporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., LLC.*, 482 F.3d 802, 808 (5th Cir. 2007).

Sanchez next argues that he was subject to a retaliatory hostile work environment under Title VII. In order to bring a Title VII hostile work environment claim, a complainant must file a complaint within the time allotted under Title VII, and exhaust all administrative remedies. *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990). In evaluating whether a plaintiff has

No. 10-20512

exhausted his administrative remedies, the court engages in a fact-intensive analysis of the statement in the EEO charge, "looking slightly beyond its four corners, to its substance rather than its label." *Pacheco*, 448 F.3d at 789. A Title VII complaint is limited to what can reasonably be expected to grow out of the complaint. *Id.* at 789; *see also Thomas v. Texas Dept. of Crim. Justice*, 220 F.3d 389, 395 (5th Cir. 2000) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.3d 455 (5th Cir. 1970)).

Here, as the district court correctly determined, Sanchez did not make a hostile work environment claim in his 2006 EEO complaint and failed to exhaust his administrative remedies. The charges alleged in Sanchez's EEO complaint stem from several actions by the USPS which took place in March of 2006, all of which center around Sanchez's termination for excessive absences and subsequent removal from the facility. Sanchez did not make a hostile work environment claim, nor present anything at the administrative hearing to show his mistreatment was the result of his EEO complaint. Therefore, the district court did not err in its determination that Sanchez failed to exhaust his administrative remedies on this claim.

AFFIRMED.