# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20640

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2018

Lyle W. Cayce
Clerk

LOIS M. DAVIS,

      Plaintiff – Appellant,

v.

FORT BEND COUNTY,

      Defendant – Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before KING, JONES,* and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Once again Lois Davis appeals the district court's dismissal of her lawsuit against her former employer, Fort Bend County. We previously reversed and remanded, and we do so again today.

I.

Lois Davis was an information technology supervisor for Fort Bend County. Davis filed a complaint with Fort Bend's Human Resources Department alleging that the information technology director had sexually harassed and assaulted her. Fort Bend's own investigation led to the director's

---

* Concurring in the judgment only.

eventual resignation.  According to Davis, her supervisor began retaliating against her because Davis had made a formal complaint against the director, who was a personal friend of her supervisor.  When Davis informed her supervisor that she could not work one specific Sunday because she had a "previous religious commitment" to attend a special church service, her supervisor did not approve the absence.  After Davis attended the church service and did not report to work, Fort Bend terminated her employment.

Alleging sexual harassment and retaliation by Fort Bend, she submitted an intake questionnaire and filed a charge with the Texas Workforce Commission.  While her case was still pending before the Texas Workforce Commission, she amended her intake questionnaire to include religious discrimination but did not amend her charge.  Specifically, she added the word "religion" in the box labeled "Employment Harms or Actions."

After the Texas Workforce Commission issued a right-to-sue letter, Davis filed her lawsuit in district court.  She alleged both retaliation and religious discrimination under Title VII and intentional infliction of emotional distress.  The district court granted summary judgment on all claims, and Davis timely appealed.

In her first appeal, Davis argued that the district court erred when it granted summary judgment for Fort Bend, and we affirmed summary judgment on her retaliation claim but reversed on her religious discrimination claim.[1]  *See Davis v. Fort Bend County*, 765 F.3d 480, 491 (5th Cir. 2014), *cert denied*, 135 S. Ct. 2804 (2015).  On the religious discrimination claim, we held that genuine disputes of material fact existed as to whether: (1) Davis held a bona fide religious belief that she needed to attend the Sunday service; and (2)

---

[1] Davis did not challenge the grant of summary judgment on her intentional infliction of emotional distress claim.  *See Davis v. Fort Bend County*, 765 F.3d 480, 484 (5th Cir. 2014), *cert denied*, 135 S. Ct. 2804 (2015).

No. 16-20640

Fort Bend would have suffered an undue hardship in accommodating Davis's religious observance. *Id.* at 487, 489. Fort Bend filed a petition for writ of certiorari challenging this determination, and the Court denied it.

On remand, Fort Bend argued to the district court—for the first time— that Davis had failed to exhaust her administrative remedies on her religious discrimination claim. Agreeing with Fort Bend, the district court held that administrative exhaustion is a jurisdictional prerequisite in Title VII cases. Thus, the district court reasoned, Davis's contention that Fort Bend had waived this argument was "irrelevant." It determined that Davis had failed to exhaust her administrative remedies. Accordingly, the district court dismissed with prejudice Davis's religious discrimination claim.

On appeal, Davis argues that failure to exhaust administrative remedies under Title VII is not a jurisdictional bar to suit. Rather, administrative exhaustion is only a prudential prerequisite for suit, and Fort Bend has waived any exhaustion argument. In the alternative, Davis raises two other arguments: (1) that she did exhaust her administrative remedies; and (2) that requiring her to exhaust further would have been futile.

## II.

## A.

We review questions of subject matter jurisdiction *de novo*. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017). We also review *de novo* a district court's determination that a plaintiff did not exhaust her administrative remedies. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

## III.

Title VII of the Civil Rights Act provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes. *See* 42 U.S.C. § 2000e-5(f). Before

seeking judicial relief, however, Title VII plaintiffs are required to exhaust their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1).[2]

"[A] primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). By exhausting their administrative remedies by filing formal charges with the EEOC, Title VII plaintiffs initiate this process. In our circuit, there is disagreement on whether Title VII's administrative exhaustion requirement is a jurisdictional requirement that implicates subject matter jurisdiction or merely a prerequisite to suit (and thus subject to waiver or estoppel). *See id.* at 788 n.7.

"Jurisdiction . . . is a word of many, too many, meanings." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (quoting *United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)). Cautioning against the "profligate" use of the term, the Supreme Court has admitted that it and other courts have been "less than meticulous" when using this word in the past.

---

[2] 42 U.S.C. §2000e-5(e)(1) reads:

(1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510–11 (2006). We must be careful to distinguish between jurisdictional requirements that bear on a court's power to adjudicate a case and nonjurisdictional requirements.

We have a line of cases that characterize Title VII's administrative exhaustion requirement as jurisdictional. *See, e.g.*, *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) ("If the claimant fails to comply with either of these [Title VII] requirements then the court is deprived of jurisdiction over the case."); *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994) ("It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."); *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("Failure to comply with [Title VII's administrative exhaustion requirement] wholly deprives the district court of jurisdiction over the case.").

On the other hand, we have also treated Title VII's exhaustion requirement as merely a prerequisite to suit. *See, e.g.*, *Young v. City of Hous.*, 906 F.2d 177, 180 (5th Cir. 1990) ("A failure of the EEOC prerequisite does not rob a court of jurisdiction."); *Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir. 1989) ("In holding that the failure of [the plaintiff] to exhaust administrative remedies deprived it of subject matter jurisdiction, the court erred."); *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 449 (5th Cir. 1983) (acknowledging that Title VII's requirements are "not necessarily 'jurisdictional'"); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970) (noting that "the filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a civil action under Title VII").

In fact, there is a *third* line of cases. These more recent cases acknowledge an intra-circuit split but do "not take sides in this dispute." *Pacheco*, 448 F.3d at 788 n.7; *see, e.g.*, *Ruiz*, 851 F.3d at 472 ("Because neither

party is arguing waiver or estoppel, and because the outcome would remain the same whether we consider exhaustion to be a condition precedent or a jurisdictional prerequisite, 'we need not take sides in this dispute.'" (quoting *Pacheco*, 448 F.3d at 788 n.7)); *Sapp v. Porter*, 413 F. App'x 750, 752 (5th Cir. 2011) ("We decline to address this disagreement because the facts of this case do not implicate any of the equitable doctrines of relief."); *Devaughn v. U.S. Postal Serv.*, 293 F. App'x 276, 281 (5th Cir. 2008) (deciding not to settle "whether a failure to exhaust Title VII administrative remedies is a jurisdictional requirement or a prerequisite to suit").

This has caused confusion for district courts. *See, e.g.*, *Muoneke v. Prairie View A&M Univ.*, No. H-15-2212, 2016 WL 3017157, at \*6 n.2 (S.D. Tex. May 26, 2016) (noting that "[w]hat appears to be the most recent Fifth Circuit case addressing this issue makes clear that the failure to administratively exhaust is viewed as a jurisdictional bar to suit" (citing *Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272 (5th Cir. 2013))); *Ruiz v. Brennan*, No. 3:11-cv-02072-BH, slip op. at 10 (N.D. Tex. June 8, 2016) (magistrate judge order) (noting that "[d]ifferent Fifth Circuit panels have reached differing conclusions" on the issue of whether Title VII exhaustion is jurisdictional and conducting a rule-of-orderliness analysis).

Recently, we held that *Womble* and *Young* control under our rule of orderliness, so "the exhaustion requirement under Title VII is not jurisdictional." *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 169 (5th Cir. 2018). We explained that *Arbaugh* "strongly suggests" that *Womble* "reached the correct result" because of the bright-line rule that *Arbaugh* announces. *Id.* at 169 n.19.[3]

---

[3] *Davenport* was originally issued on May 16, 2018 as an unpublished opinion. Later, on May 22, 2018, it was reissued as published opinion.

No. 16-20640

Under our rule of orderliness, "one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (quoting *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008)); *see also Arnold v. U.S. Dep't of Interior*, 213 F.3d 193, 196 n.4 (5th Cir. 2000) ("[T]o the extent that a more recent case contradicts an older case, the newer language has no effect."). Our earliest case, *Womble*, determined that Title VII's administrative exhaustion requirement is not jurisdictional. 864 F.2d at 1213. In *Womble*, we held that the district court erred "[i]n holding that the failure of [the Title VII plaintiff] to exhaust administrative remedies deprived it of subject matter jurisdiction." 864 F.2d at 1213. The *Womble* plaintiff failed to file a Title VII charge with the EEOC before bringing her lawsuit in district court. *Id.* We held that her claim "was barred," but the district court had jurisdiction over it. *Id.* Under the rule of orderliness, we are bound by *Womble*'s holding that a Title VII plaintiff's failure to exhaust her administrative remedies is not a jurisdictional bar but rather a prudential prerequisite to suit.[4]

Some Fifth Circuit cases cite to *Tolbert v. United States*, 916 F.2d 245 (5th Cir. 1990), for the proposition that Title VII's administrative exhaustion requirement is a jurisdictional requirement. *Tolbert* declared that "it is the well-settled law of this circuit that [Title VII's administrative exhaustion requirement] is a prerequisite to federal subject matter jurisdiction." 916 F.2d at 247. Even though our cases may rely on *Tolbert* for the proposition that

---

[4] In an even earlier case, on the issue of receipt of a right-to-sue letter, we held that this specific Title VII requirement is "a condition precedent to a Title VII claim rather than a jurisdictional prerequisite." *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc*, 678 F.2d 1211, 1215 (5th Cir. Unit B 1982).

No. 16-20640

Title VII's administrative exhaustion requirement is a jurisdictional requirement, under our rule of orderliness, *Womble* controls.

Moreover, the Supreme Court's decision in *Arbaugh* is instructive. *Arbaugh* held that Title VII's statutory limitation of covered employers—to those with 15 or more employees—is not a jurisdictional limitation. 546 U.S. at 516. The Court articulated a "readily administrable bright line" for courts and litigants to determine whether a statutory requirement is jurisdictional. *Id.* The Court explained:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue . . . . But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* at 515–16 (internal citation omitted) (footnote omitted).

Here, Congress did not suggest—much less clearly state—that Title VII's administrative exhaustion requirement is jurisdictional, and so we must treat this requirement as nonjurisdictional in character. *See* 42 U.S.C. § 2000e-5. The statute says nothing about a connection between the EEOC enforcement process and the power of a court to hear a Title VII case. In other statutes, by contrast, "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Arbaugh*, 546 U.S. at 515 n.11. For example:

> Certain statutes confer subject-matter jurisdiction only for actions brought by specific plaintiffs, *e.g.*, 28 U.S.C. § 1345 (United States and its agencies and officers); 49 U.S.C. § 24301(l)(2) (Amtrak), or for claims against particular defendants, *e.g.*, 7 U.S.C. § 2707(e)(3) (persons subject to orders of the Egg Board); 28 U.S.C. § 1348 (national banking associations), or for actions in which the amount in controversy exceeds, *e.g.*, 16 U.S.C. § 814, or falls below, *e.g.*, 22 U.S.C. § 6713(a)(1)(B); 28 U.S.C. § 1346(a)(2), a stated amount.

*Id.* Title VII's administrative exhaustion requirement is not expressed in jurisdictional terms in the statute, *see* 42 U.S.C. § 2000e-5, and just as in *Arbaugh*, there is nothing in the statute to suggest that Congress intended for this requirement to be jurisdictional.

*Tolbert* is out-of-step with the Supreme Court's approach in *Arbaugh*. There, we said that Title VII's exhaustion requirement was jurisdictional and endorsed the Third Circuit's reasoning that "[a]bsent an indication of contrary congressional intent, we will not countenance circumventing the administrative process" by allowing a plaintiff to file a lawsuit before exhausting her administrative remedies. *Tolbert*, 916 F.2d at 249 n.1 (quoting *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981)). However, *Arbaugh* directs us to apply precisely the opposite presumption: "A rule is jurisdictional 'if the Legislature *clearly states* that a threshold limitation on a statute's scope shall count as jurisdictional.'" *Gonzalez v. Thaler*, 565 U.S. 134, 141–42 (2012) (quoting *Arbaugh*, 546 U.S. at 515) (emphasis added); s*ee also United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) ("In recent years, we have repeatedly held that procedural rules . . . cabin a court's power only if Congress has 'clearly stated' as much." (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013))). Accordingly, today, we reaffirm our earlier holding in *Womble* that Title VII's administrative exhaustion requirement is not a jurisdictional bar to suit.

This holding that Title VII's exhaustion requirement is not jurisdictional is consistent with the First, Second, Sixth, Seventh, Eighth, Ninth, and D.C. Circuits. *See Fowlkes v. Ironworkers Local 40,* 790 F.3d 378, 385 (2d Cir. 2015) (acknowledging imprecise language in its own case law and clarifying that "the failure of a Title VII plaintiff to exhaust administrative remedies raises no jurisdictional bar to the claim proceeding in federal court"); *Adamov v. U.S. Bank Nat'l Ass'n*, 726 F.3d 851, 855–57 (6th Cir. 2013) (concluding that "the

question of administrative exhaustion is nonjurisdictional"); *Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012) (noting that failure to exhaust administrative remedies is not a jurisdictional prerequisite under Title VII); *Vera v. McHugh*, 622 F.3d 17, 29–30 (1st Cir. 2010) ("Although typically a failure to exhaust administrative remedies will bar suit in federal court, 'the exhaustion requirement is not a jurisdictional prerequisite' to filing a Title VII claim in federal court." (quoting *Frederique-Alexandre v. Dep't of Nat'l & Envtl. Res.*, 478 F.3d 433, 440 (1st Cir. 2007))); *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (concluding that Title VII's exhaustion requirement is not a jurisdictional prerequisite for suit); *Douglas v. Donovan*, 559 F.3d 549, 556 n.4 (D.C. Cir. 2009) ("[T]he exhaustion requirement, though mandatory, is not jurisdictional . . . ."); *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (overruling circuit precedent and holding "that, as a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement"); *but see Logsdon v. Turbines, Inc.*, 399 F. App'x 376, 379 n.2 (10th Cir. 2010) (noting that in the Tenth Circuit "EEOC exhaustion is still considered jurisdictional" even if undermined by recent Supreme Court cases (quoting *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993))); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.").

## B.

We now turn to the issue of whether Fort Bend has forfeited its opportunity to raise Davis's alleged failure to exhaust. Just because Title VII's administrative exhaustion requirement is not jurisdictional does not mean that this requirement should be ignored. "The purpose of this exhaustion

doctrine is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012). Administrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted. For this reason, Title VII requires administrative exhaustion.

Failure to exhaust is an affirmative defense that should be pleaded. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 142 (5th Cir. 2016) (en banc) (Haynes, J., concurring) ("Absent a jurisdictional nature to 'failure to exhaust,' we treat such failures to exhaust as affirmative defenses, not jurisdictional prerequisites."); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (noting that in PLRA cases, "[a]ny failure to exhaust must be asserted by the defendant").

Fort Bend did not raise the issue of administrative exhaustion in the district court originally. Davis's complaint alleged that "[a]ll conditions precedent" to suit had been met, but Fort Bend's answer only stated that Fort Bend did not have "sufficient knowledge or information, after reasonable inquiry, to admit or deny" the claim of jurisdiction. *See F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994) ("As we have held, if a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings before the district court."). In its original motion for summary judgment, Fort Bend did not argue that Davis failed to exhaust her administrative remedies. Then, when Davis appealed for the first time, Fort Bend did not argue to us, in its briefing or during oral argument, that Davis failed to exhaust her administrative remedies. Nor did it raise the issue in its petition for rehearing *en banc* or in its petition for certiorari to the Supreme Court.

Simply put, Fort Bend waited five years and an entire round of appeals all the way to the Supreme Court before it argued that Davis failed to exhaust.

No. 16-20640

On these facts, it is abundantly clear that Fort Bend has forfeited its opportunity to assert this claim.[5]   Accordingly, the district court erred in dismissing this case based on Davis's alleged failure to exhaust.

## IV.

Title VII's administrative exhaustion requirement is not a jurisdictional bar to suit but rather a prudential prerequisite under our binding precedent, and Fort Bend forfeited its exhaustion argument by not raising it in a timely manner before the district court.   For these reasons, we REVERSE and REMAND for further proceedings consistent with this opinion.

---

[5] In light of our holdings that Title VII's administrative exhaustion requirement is not jurisdictional and that Fort Bend forfeited its argument that Davis failed to exhaust her administrative remedies as to her religious discrimination claim, we need not address Davis's alternative arguments that she did exhaust her administrative remedies or that requiring her to do so would have been futile.