# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40520

United States Court of Appeals
Fifth Circuit

**FILED**
March 26, 2019

Lyle W. Cayce
Clerk

RODOLFO PEREZ,

> Plaintiff - Appellant

v.

MEGAN J. BRENNAN, Postmaster General of the United States, United States Postal Services,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CV-43

Before CLEMENT, OWEN, and HO, Circuit Judges.

PER CURIAM:*

Rodolfo Perez was a letter carrier for the United States Postal Service (USPS) who sued for racial discrimination, retaliation, and hostile work environment. The district court denied all of Perez's claims. Perez appeals, and we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40520

**FACTS AND PROCEEDINGS**

Perez, who is Hispanic and of Mexican-American heritage, worked for the USPS at the Brownsville Post Office. In 2007, a new postmaster arrived and, according to Perez, called Hispanic employees "lazy." On December 26, 2012, Perez's supervisor accused him of smelling of alcohol and ordered him to go home. On January 9, 2013, Perez gave written notice that he intended to retire effective February 1, 2013. Perez stopped coming to work on January 13, 2013.

On January 22, 2013, Perez was issued a letter of warning admonishing him for unacceptable attendance. That same day, Perez's supervisor and union steward agreed to "hold off on all pending discipline." On January 24, Perez was issued a "Notice of Suspension" for his alleged on-duty impairment. The USPS later agreed to expunge the notice.

In March 2013, Perez filed an equal employment opportunity complaint with the USPS, alleging racial discrimination, retaliation, and a hostile work environment. Perez received an acceptance letter, notifying him that his claims of discrimination and retaliation were accepted for investigation, but dismissing his hostile work environment claim. The letter informed Perez that if he disagreed with the defined accepted issues, he could respond in writing within seven days. He did not.

The investigation resulted in a denial of Perez's claims, and he requested a hearing before an administrative judge (AJ) at the Equal Employment Opportunity Commission (EEOC). The AJ issued a summary judgment decision against Perez on his discrimination and retaliation claims, noting that claims of a hostile work environment were not before her. Perez appealed that decision, which was upheld by the EEOC. The EEOC also stated that it did not have jurisdiction to address Perez's hostile work environment claim because he had not responded to the acceptance letter.

No. 18-40520

Perez subsequently filed suit in federal court, alleging racial discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. The district court dismissed Perez's discrimination claim because he had not plausibly stated a claim. The court dismissed Perez's retaliation claim premised on the letter of warning because the letter was not an adverse employment action, but allowed the claim based on the suspension notice to proceed. The court also dismissed Perez's hostile work environment claim for lack of subject matter jurisdiction, or alternatively for failure to state a claim, because he had not exhausted his administrative remedies. The court later denied the remaining retaliation claim on summary judgment, holding that the suspension notice was not an adverse employment action because Perez had stopped working and retired before receiving it. The court alternatively held that Perez had not shown a genuine fact issue as to whether the USPS's legitimate articulated reason for the notice—Perez's on-duty impairment—was pretextual. The court also dismissed as moot other pending motions, including Perez's motion to amend his complaint, filed after the court's ruling on the USPS's motion to dismiss.

Perez timely appealed the district court's rulings.

## DISCUSSION

### I.    Motion to Dismiss

A district court's order on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018). A plaintiff "must 'plead enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We may affirm a 12(b)(6) dismissal on any basis supported by the record. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780–81 (5th Cir. 2007).

No. 18-40520

*A. Discrimination claim*

The district court held that Perez did not plead sufficient facts to state a plausible discrimination claim. Perez's only allegation with respect to this claim is that the postmaster called Hispanic and Mexican-American employees "lazy," without specifying when this occurred or how often. The "ultimate question" in a Title VII discrimination action is "whether a defendant took [an] adverse employment action against a plaintiff because of [his] protected status." *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004). Perez's lone allegation is insufficient to state a claim of discrimination. *See Boyd v. State Farm Ins. Cos.*, 158 F.3d 326, 329 (5th Cir. 1998) ("The mere utterance of a racial epithet is not indicia of discrimination under Title VII."). The court correctly dismissed Perez's discrimination claim.

*B. Letter-of-warning retaliation claim*

Perez argues the district court erroneously used the "ultimate employment decision" standard in deciding this claim, which was rejected by the Supreme Court in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

To state a Title VII retaliation claim, "a plaintiff must allege that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *Leal v. McHugh*, 731 F.3d 405, 416–17 (5th Cir. 2013) (quotation omitted). An adverse employment action is one that a "reasonable employee would have found . . . materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 68 (quotations omitted).

The district court used the correct standard in dismissing Perez's letter-of-warning retaliation claim. The court held that a reasonable employee would

not have found the warning letter to be materially adverse, and so it was not an adverse employment action. This ruling is consistent with prior holdings of this court. *See Hernandez v. Johnson*, 514 F. App'x 492, 499 (5th Cir. 2013) (per curiam) (finding a letter identifying instances of misconduct not to be an adverse employment action); *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007) (per curiam) (finding a single written warning not to be materially adverse).

### C. Hostile work environment claim

Perez contends the district court erred in dismissing his hostile work environment claim. He argues the court incorrectly dismissed the claim for lack of subject matter jurisdiction, and that the court's rationale—failure to exhaust administrative remedies—was incorrect.

The district court dismissed this claim for lack of subject matter jurisdiction under Rule 12(b)(1) or alternatively for failure to state a claim under Rule 12(b)(6) because of a conflict in this circuit's law that has since been resolved. *See Davis v. Fort Bend Cty.*, 893 F.3d 300, 305 (5th Cir. 2018) ("[A] Title VII plaintiff's failure to exhaust . . . administrative remedies is not a jurisdictional bar but rather a prudential prerequisite to suit."). In ruling under Rule 12(b)(6), the court held that Perez failed to state a plausible claim for relief because he failed to exhaust his administrative remedies when he did not challenge the USPS's decision not to accept his hostile work environment claim for investigation.

This court has not definitively addressed the exhaustion requirement where an agency notifies an employee that it is accepting only some of his claims. We need not do so, because regardless of whether Perez exhausted his administrative remedies, he did not plead sufficient facts to plausibly allege a claim for relief. To plead a Title VII hostile work environment claim, a plaintiff must allege facts showing, among other things, that the "harassment

complained of affected a term, condition, or privilege of employment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). "For harassment . . . to affect a term, condition, or privilege of employment, . . . it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quotations omitted).

Perez's only allegations are that the postmaster "had called the Hispanic/Mexican American employees 'lazy'" and that he was issued a letter of warning about attendance and a suspension notice. Perez baldly asserts in his complaint that these actions "were severe and pervasive enough to alter the terms and conditions of employment" but does not specify how.

The letter and notice were issued after Perez gave notice of his retirement and stopped working and so could not have altered the terms of his employment or created an abusive working environment. And Perez has not sufficiently alleged that the postmaster calling certain employees lazy altered the conditions of his employment or created an abusive working environment. *See, e.g.*, *Jones v. Flagship Int'l*, 793 F.2d 714, 720 (5th Cir. 1986) ("[T]he mere utterance of an ethnic or racial epithet . . . does not affect the terms[,] conditions, or privileges of employment to a sufficiently significant degree to violate Title VII." (quotation omitted)). Perez offers no other factual allegations to support his claim, and so has failed to plausibly state a claim for relief.

## II.  Summary Judgment

We review a district court's grant of summary judgment de novo. *Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 225 (5th Cir. 2017). "Summary judgment is appropriate if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)).

No. 18-40520

### A. Drunk-on-duty retaliation claim

The district court denied Perez's remaining retaliation claim on summary judgment. First, the court held that affidavits produced in support of Perez's opposition were sham affidavits, as they contained material contradictions to his prior deposition testimony regarding how much he drank the night before he was sent home. The court held that Perez had not shown an issue of fact whether the USPS's legitimate reason for the suspension—on-duty impairment—was pretextual. The court alternatively held that Perez's suspension was not an adverse employment action.

Perez primarily takes issue with the court's evidentiary ruling. "The court's evidentiary rulings regarding the competency of evidence are reviewed for abuse of discretion." *Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018) (per curiam). In his deposition, Perez testified that he drank ten beers the night before the incident. In their summary judgment affidavits, Perez and his wife state that he drank only two beers. The district court did not abuse its discretion in finding this to be a direct, material conflict with respect to Perez's argument that the legitimate reason for his suspension was pretextual and striking the affidavits.[1]

Regardless, the court's evidentiary ruling did not affect its holding that the suspension was not a materially adverse action because it did not affect Perez's "job title, grade, hours, salary or benefits" or cause "a diminution in prestige or change in standing among . . . co-workers." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009). The suspension notice was issued

---

[1] We will not consider Perez's argument, first raised on appeal, that the deposition question he answered was confusing. *See AG Acceptance Corp. v. Viegel*, 564 F.3d 695, 700 (5th Cir. 2009) (holding "arguments not raised before the district court are waived and will not be considered on appeal" absent extraordinary circumstances); *see also* FED. R. CIV. P. 32(d)(3)(B) ("An objection to an error or irregularity at an oral examination is waived if . . . it is not timely made during the deposition.").

to Perez after he gave notice of his retirement and after he stopped working. It was also expunged within a month. Perez has not argued nor shown an issue of fact as to whether the notice was an adverse employment action.

### B. Motion to amend complaint

Following the district court's partial grant of the motion to dismiss, Perez filed for leave to amend his complaint as to the dismissed claims. When ruling on summary judgment, the court dismissed the motion as moot, but also noted that, with respect to additional allegations regarding the letter of warning, amendment would be futile.

"We review the district court's denial of a motion for leave to amend for abuse of discretion." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam). The court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). In determining whether to grant a motion for leave to amend, the court may consider five factors: "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by [prior] amendments . . ., undue prejudice . . ., [and] the futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (second alteration in original) (quotation omitted). The court found that amendment would be futile, as Perez's new allegations as to the letter of warning did not show that it was an adverse action, a necessary allegation to plausibly state his previously dismissed claims. This was not an abuse of discretion.

### CONCLUSION

In light of the foregoing, the district court's rulings are AFFIRMED.