# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2020

Lyle W. Cayce
Clerk

No. 20-50193
Summary Calendar

Dolores Machuca,

*Plaintiff—Appellant*,

*versus*

Louis DeJoy, *Postmaster General and Chief Executive Officer*, *United States Postal Service*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:17-CV-46

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Dolores Machuca, a mail carrier with the United States Postal Service, sued the Postmaster General for disability discrimination, retaliation, failure to accommodate, and hostile work environment under the Americans with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50193

Disabilities Act and § 504 of the Rehabilitation Act.[1] The district court granted summary judgment for the Postmaster General, reasoning that ADA claims cannot be maintained against the federal government and that Machuca failed to exhaust her Rehabilitation Act claims. The court also denied Machuca's belated attempt to bring new claims.

On appeal, Machuca only challenges the ruling on her Rehabilitation Act claims. But she concedes the key point: She failed to exhaust her administrative remedies. She nonetheless argues that her case should proceed as a matter of equity because the Postmaster General did not timely present failure to exhaust as a defense. Specifically, she contends that the Postmaster General should have raised the issue in a motion to dismiss instead of at summary judgment. As support, Machuca relies on *Davis v. Fort Bend County*'s instruction that "[f]ailure to exhaust is an affirmative defense that should be pleaded." 893 F.3d 300, 307 (5th Cir. 2018), *aff'd*, 139 S. Ct. 1843 (2019). Machuca's reliance on *Davis* is misplaced. The Postmaster General pleaded failure to exhaust as an affirmative defense in his answer to Machuca's second amended complaint. And *Davis* does not address when the defense should be litigated on the merits. After completing the necessary discovery, the Postmaster General moved for summary judgment. There is no authority requiring a defendant to assert an affirmative defense at the motion to dismiss stage, particularly where, as here, discovery is necessary to establish the merits of that defense.

Machuca also argues that factual disputes preclude summary judgment. Because Machuca's failure to exhaust is dispositive, the district court did not reach this argument, and neither do we.

AFFIRMED.

---

[1] Postmaster General Louis DeJoy is automatically substituted for Megan J. Brennan as the defendant under Federal Rule of Appellate Procedure 43(c)(2).