# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50308
_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2025

Lyle W. Cayce
Clerk

Victor M. Casillas,

*Plaintiff—Appellant*,

*versus*

Douglas A. Collins, *Secretary, Department of Veterans Affairs*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-959

_____

Before Elrod, *Chief Judge*, and Jones, and Stewart, *Circuit Judges*.
Per Curiam:[*]

Victor M. Casillas challenges the Department of Veterans Affairs' (the "VA") decision to terminate his employment. Because he has forfeited his claims or not otherwise presented arguments in his favor, we AFFIRM the district court's dismissal of this case.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50308

## I.    FACTS AND PROCEDURAL HISTORY

From 2010 to 2021, Casillas was employed by the VA as a nursing assistant. The VA fired him, however, for using a cellphone at work while assigned to maintain line-of-sight observation of two patients, one of whom attempted suicide during his shift.

Casillas filed two separate complaints to challenge his termination. First, he filed one with the Equal Employment Opportunity Commission (the "EEOC") alleging discrimination under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (the "ADA"), the Rehabilitation Act (the "RA"), and the Age Discrimination in Employment Act (the "ADEA").[1] After receiving informal EEOC counseling, he asserted in a formal complaint that a coworker commented on his age and suggested he should retire; that the same coworker threw away medical reports that he intended to submit to the Department of Labor's Office of Workers' Compensation Programs; and that unspecified others "laugh[ed] [and] punished" him in connection with a disability affecting his hands. The EEOC, however, dismissed Casillas's complaint as untimely. It later did the same for his appeal from that dismissal. Casillas then sought review of that decision in the United States District Court for the Northern District of Texas.

Second, Casillas pursued an administrative appeal of his termination before the Merit System Protection Board (the "MSPB"). There, he alleged that his termination violated the Civil Service Reform Act (the "CSRA") because it was not supported by a preponderance of the evidence and constituted impermissible retaliation for whistleblowing regarding improper

---

[1] *See* 42 U.S.C. § 2000e (Title VII); 42 U.S.C. §§ 12101–12117 (the ADA); 29 U.S.C. §§ 791–794 (the RA); 42 U.S.C. §§ 621–634 (the ADEA).

treatment of a patient. *See* 5 U.S.C. §§ 7701(c)(1)(B), (c)(2)(B). He also asserted that the VA violated his due process rights by not considering photos he presented to it of other employees using their cellphones at work. The MSPB denied Casillas's appeal. He then petitioned for review from the United States Court of Appeals for the Federal Circuit.

In his MSPB petition, Casillas also raised the discrimination claims from his EEOC complaint. For that reason, the Federal Circuit transferred the petition to the Northern District of Texas, which has exclusive jurisdiction over "mixed cases" in which a federal employee challenges in its district a personnel action under both the CSRA and federal antidiscrimination laws.

Having before it Casillas's appeals from both the EEOC and MSPB decisions, the district court consolidated the two into the present case. The government moved to dismiss that consolidated action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court granted the motion on grounds that Casillas's discrimination claims were unexhausted and factually insufficient to state a claim, and because his CSRA challenge lacked a viable legal or factual basis. Proceeding *pro se*, Casillas timely appealed.

## II.   STANDARD OF REVIEW

For Casillas's discrimination claims, we review *de novo* the district court's dismissal under Rule 12(b)(6). *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (reviewing *de novo* EEOC-based administrative exhaustion despite that it "is not a jurisdictional prerequisite"); *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021) ("We review *de novo* the district court's dismissal for failure to state a claim under Rule 12(b)(6).").

We review his "non-discrimination claims presented to the MSPB based on the administrative record 'and will uphold the [MSPB's] determinations unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law.'" *Luft v. Dep't of the Army*, No. 23-10742, 2024 WL 1504350, at *1 (5th Cir. Apr. 8, 2024) (quoting *Williams v. Wynne*, 533 F.3d 360, 373 (5th Cir. 2008)).

## III. Discussion

On appeal, Casillas raises both his discrimination claims—under Title VII, the ADA, the RA, and the ADEA—and his non-discrimination claims under the CSRA. For reasons that we now discuss, both sets of claims fail.

### A. Discrimination Claims

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor*, 296 F.3d at 378–79. That "[e]xhaustion occurs when the plaintiff files a timely charge with the EEOC." *Id.* at 379. Conversely, failure to pursue such a claim in a timely fashion means that it is unexhausted and cannot proceed in court. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 308 (5th Cir. 2018).

The district court dismissed Casillas's discrimination claims because he failed to exhaust his EEOC remedies in a timely fashion. The government points to two reasons why. First, after the EEOC closed Casillas's informal counseling, it issued him a notice to inform him that he had 15 days to file a formal complaint. *See* 29 C.F.R. § 1614.105(d). He acknowledged receipt of that notice but did not file his formal EEOC complaint until 10 days after the deadline. Second, after the EEOC issued its final agency decision dismissing Casillas's formal complaint as untimely, it informed him that he had 30 days from the date of receipt to appeal to the EEOC or 90 days to file a civil action in district court. *See* 29 C.F.R. §§ 1614.402(a), 407(a). Casillas, however, only filed his notice of appeal with the EEOC 79 days after he and his non-

attorney advisor received that notice via email—and 54 days after that notice was delivered to Casillas's home.

Casillas makes no argument in response. He only mentions that he was told that "he ha[d] 14 days to respond to the proposal" when he was originally notified of his "proposed termination." He also lists the date that "his removal was effective." These statements, however, do not relate to his failure to timely file his formal complaint and appeal with the EEOC. "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). But here, Casillas has neither explained nor justified his untimeliness. For that reason, we conclude that Casillas has forfeited any argument that he exhausted his administrative remedies or that we should excuse his failure to do so. *See id.*; *Davis*, 893 F.3d at 308 n.5 (determining that a party forfeited its argument in the administrative exhaustion context).[2]

## B. Non-discrimination Claims

Under the CSRA, courts apply a "deferential . . . standard of review" for MSPB decisions and "will uphold [those] determinations unless they are clearly arbitrary and capricious, unsupported by substantial evidence or otherwise not in accordance with law.'" *Williams v. Wynne*, 533 F.3d 360, 373 (5th Cir. 2008) (citing 5 U.S.C. §§ 7703(c)(1)–(3)). "The plaintiff bears the burden of establishing by cogent and clearly convincing evidence that the

_____

[2] Because we conclude that Casillas "forfeited [any] argument that" he exhausted his discrimination claims or that a failure to do so should be excused, we "need not address" the government's "alternative argument[]" that Casillas failed to plausibly allege a claim of discrimination. *See Davis*, 893 F.3d at 308 n.5.

No. 24-50308

decision of the [MSPB] was the result of a material legal error or injustice." *Id.* at 368 (internal quotation marks omitted).

The MSPB upheld Casillas's termination based on this "deferential" standard. *See Williams*, 533 F.3d at 373. It cited Casillas's failure to follow established VA policy and the severity of his offense. Specifically, it explained that Casillas repeatedly using his cellphone while assigned to maintain line-of-sight observation of two patients violated VA policy prohibiting employees assigned to such monitoring from "perform[ing] any activity that may distract full attentiveness to include, but not limited to . . . use of personal cellular phones (including texting)." As the government observes, Casillas does not dispute that he violated this policy. He admitted to the MSPB that he spent "more than 13 minutes" making phone calls during his monitoring shift. The MSPB also stated that the "very serious" nature of Casillas's violation warranted dismissal. As the MSPB explained, he was assigned to monitor two patients with suicidal ideations "in a mental health unit, where patients are at a high risk to harm themselves and others," one of whom attempted suicide either during or in the minutes following Casillas's supervision.

Separately, the MSPB duly considered and rejected Casillas's due process claim. It stated that the VA was aware of the general content of the photos in question and Casillas's argument regarding the photos before reaching its determination. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545–46 (1985).

Finally, the MSPB also considered and rejected Casillas's anti-retaliation claim stemming from his earlier whistleblower complaint. As both the government and the district court have explained, VA officials credibly testified that Casillas's disclosures about his colleagues' alleged past

wrongdoing "had no bearing" on the VA's decision to terminate his employment.

Casillas does not address any of these points in his briefing. Indeed, he neither mentions the MSPB's order, nor asserts any legal or factual basis under which we can set aside that order as unlawful. *See Williams*, 533 F.3d at 373 (citing 5 U.S.C. §§ 7703(c)(1)–(3)). For these reasons, he has not met his "burden of establishing by cogent and clearly convincing evidence that the decision of the [MSPB] was the result of a material legal error or injustice." *See id.* at 368 (internal quotation marks omitted).

## IV.    Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of this case.