ACCEPTED
15-25-00038-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/20/2025 2:59 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00038-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/20/2025 2:59:46 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals

for the Fifteenth Judicial District

Austin, Texas

————

University of Texas at Arlington,

*Appellant*,

*v.*

James McMerchant,

*Appellee.*

————

On Appeal from Cause No. 236-337930-22, in the 236th Judicial District Court of Tarrant County, Texas

————

## REPLY IN SUPPORT OF APPELLANT'S BRIEF

————

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

BRIANNA M. KROMINGA
Assistant Attorney General
Brianna.Krominga@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 230-5914| FAX: (512) 320-0667

# Table of Contents

Table of Contents ..............................................................................2

Table of Authorities...........................................................................3

Summary of Argument........................................................................5

Argument in Reply .............................................................................6

   I.   The Trial Court Erred in Denying Defendant's Plea to the
Jurisdiction Because Plaintiff-Appellee did not Exhaust his
Administrative Remedies.......................................................................6

   II.  Defendant's Motions for Summary Judgement are not Before this
Court thus; Appellee's Related Arguments Should be Disregarded...13

Prayer ...............................................................................................14

Certificate of Compliance ..................................................................15

# Table of Authorities

**Cases**

*Davis v. Ft. Bend* County,
893 F.3d 300 (5th Cir. 2018) ...............................................................6

*Fort Bend Cnty., Tex. v. Davis,*
587 U.S. 541 (2019) .............................................................................8

*Fuller v. Le Brun,*
616 S.W.3d 31 (Tex. App.—Houston [14th App.] 2020) .....................11

*Lachicha v. Medina,*
657 S.W.3d 829 (Tex. App.—El Paso 2022, no pet.) ...........................11

*Lujan v. Navistar,*
555 S.W. 3d 79 (Tex. 2018)................................................................10

*Prairie View A&M Univer. V. Chatha,*
381 S.W.3d 500 (Tex. 2012)..............................................................6, 7

*Tex. A&M Univ. DOT v. Reeves,*
708 S.W.3d 312 (Tex. App.—15th Dist. Jan. 30, 2025)........................7

*Waffle House, Inc. v. Williams,*
313 S.W. 796 (Tex. 2010)....................................................................6

*Williams-Pyro, Inc. v. Barbour,*
408 S.W.3d 467 (Tex. App.—El Paso 2013, pet. denied) ......................6

**Statutes**

42 U.S.C. § 2000e-5(b), (e)(1)....................................................................8

Tex. Civ. Prac. & Rem. Code § 51.014(a)(1)-(15) ................................7, 13

Tex. Gov. Code § 311.034 ....................................................................6, 7

**Rules**

Tex. R. App. P. 38.1(i), 38.2(a)); ...........................................................11

## Summary of Argument

Plaintiff-Appellee's Response ignores the bulk of Appellant's argument as to why the trial court erred in denying Defendant's Plea to the Jurisdiction. Instead, it hinges on the singular argument that the jurisdictional requirements for bringing his Title VII claim were satisfied because the continuing violation doctrine applies to his claim, and thus, his January 13, 2021, EEOC claim was timely filed. This argument is not only factually unsupported by the record—and in fact directly contradicted by it—it is not legally sound. As explained in Appellant's opening brief and further detail below, Plaintiff-Appellee's Title VII claim is jurisdictionally barred because he failed to exhaust his administrative remedies. This court should reverse the opinion of the court below, render judgment in favor of Defendant and dismiss Plaintiff's Title VII claim against it.

**Argument in Reply**

## I. The Trial Court Erred in Denying Defendant's Plea to the Jurisdiction Because Plaintiff-Appellee did not Exhaust his Administrative Remedies.

Plaintiff-Appellee correctly acknowledges that in Texas "the legislature has *mandated* that *all statutory prerequisites* to suit are *jurisdictional requirements* in suits against governmental entities." Appelles. Br. at 11 (citing *Prairie View A&M Univer. V. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012); Tex. Gov. Code § 311.034)(emphasis added). A plaintiff alleging a Title VII violation "must first exhaust her administrative remedies prior to bringing a civil action." *Id.* at 12 (citing *Waffle House, Inc. v. Williams*, 313 S.W. 796, 804 (Tex. 2010); *Williams-Pyro, Inc. v. Barbour,* 408 S.W.3d 467, 475 (Tex. App.—El Paso 2013, pet. denied)).

Though Plaintiff-Appellee appears to downplay the jurisdictional nature of these prerequisites, he nonetheless asks this court to affirm the trial court's ruling—effectively urging that federal law controls and renders Title VII statutory prerequisites merely mandatory rather than jurisdictional. Appellees.Br. at 12 (citing *Davis v. Ft. Bend* County, 893 F.3d 300, 308 (5th Cir. 2018). However, his reliance on the Fifth Circuit's opinion in *Davis* is misplaced. This Court has made clear that "[b]ecause

6

statutory prerequisites to suit are jurisdictional requirements in all suits against a government entity in Texas, Title VII's directive is jurisdictional in this case." *Tex. A&M Univ. DOT v. Reeves*, 708 S.W.3d 312, 319 (Tex. App.—15th Dist. Jan. 30, 2025)(citing Tex. Gov't Code § 311.034; *Chatha*, 381 S.W.3d at 515)(cleaned up).

As the master of his complaint, Plaintiff-Appellee elected to bring his federal Title VII claim in *state* court. That choice carries consequences. Because exhaustion is a jurisdictional requirement in Texas courts and was not established here, Plaintiff-Appellee's failure to exhaust his administrative remedies deprived the trial court of jurisdiction to proceed. When jurisdiction is challenged in a plea to the jurisdiction, and is ultimately denied, the State has the right to an immediate appeal of the interlocutory order. Tex. Civ. Prac. & Rem. Code § 51.014(a)(1)-(15). Accordingly, this Court must conduct a *de novo* review to determine whether those jurisdictional prerequisites were met. *Contra* Appellees.Br. at 10 ("The Court should deny Defendants' request to review the Trial Court's judgment Plaintiff timely and sufficiently exhausted his administrative remedies.").

A Title VII plaintiff exhausts administrative remedies by filing a timely charge with the EEOC and receiving a statutory notice of right to sue. *Reeves*, 708 S.W.3d at 319-320. The charge must be filed "within 180 days after the alleged unlawful employment practice occurs[s], *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 543 (2019) (quoting 42 U.S.C. § 2000e-5(b), (e)(1)), unless extended to 300 days by state or local law. Appellants.Br. at 2.

As detailed in Appellant's opening brief, Plaintiff-Appellee failed to satisfy this requirement. His only counterargument rests on the application of the continuing violation doctrine, asserting that "Plaintiff meets his administrative remedies burden by the continuing violations doctrine." *See* Appellees.Br. at 13. In support of this argument, however, Plaintiff-Appellee misrepresents appellant's arguments and both the trial and appellate records. He claims, "defendants also agree that plaintiff was completing the job duties of a mail carrier since 2017 but was never given the corrected job title and/or pay raise between 2017-October 2020." *Id.* This is plainly incorrect. Plaintiff-Appellee's own deposition testimony and Appellant's opening brief confirm otherwise.

Specifically, the evidence in the record established that Plaintiff-Appellee was hired as a Warehouse Worker in 2015 (Appellants.Br. at 2; CR.44. at 13:5-11; CR.68), began cross-training in the mail services department in 2016 (Appellants.Br. at 2; CR.46. at 19:2-22, 74:6-9; CR.68), and remained classified as such through 2019 (Appellants.Br. at 2; CR. 52, 68-69, 74). Only in late 2019 did Plaintiff-Appellee request a title change from Warehouse Worker to Mail Carrier (Appellants.Br. at 2; CR. 68, CR. 51 at 39:7-19). That request was granted in October 2020—immediately after the university's hiring freeze was lifted. Appellants.Br. at 2; citing CR. 68.

Yet, Plaintiff-Appellee claims he exhausted his administrative remedies in a timely manner because he experienced continued discrimination from 2017 through October 2020 when he was given a pay increase, therefore the continuing violation doctrine applies, and the 300-day filing "clock" did not begin to run until October 2020. Appellees.Br. at 13-14.

The record, however, is undisputed: Plaintiff-Appellee neither requested nor received a title change or a raise until late 2019 at the earliest. CR.51:7-25. Plaintiff's only support for his claim is the vague

Charge language and a sham affidavit prepared in response to Defendant's plea to the jurisdiction and summary judgment motions, neither of which are sufficient to establish a continuing violation. Appellees.Br. at 14, Ex. A, D.

First, as detailed in Appellant's opening brief, Title VII requires an EEOC charge be filed for each discrete adverse act. Despite his claim, the Charge does not allege that his promotion request was denied, that he failed to receive a raise, or any other action that could be construed as independently adverse. Plaintiff-Appellee instead relies on vague, generalized allegations of "promotions, titles, and equal pay" issues beginning in 2017. Such conclusory assertions are insufficient to meet this requirement or trigger the continuing violation doctrine.

Next, reliance on the affidavit testimony is improper for a variety of reasons, the most crucial of which is it directly contradicts Plaintiff-Appellee's own deposition testimony. CR.51:7-25. The Supreme Court has made clear that where an affidavit directly contradicts deposition testimony, without providing an explanation about the discrepancy, the affidavit testimony *must* be disregarded. *See Lujan v. Navistar*, 555 S.W. 3d 79, 85 (Tex. 2018). Here, in his affidavit, Plaintiff testified that he

10

inquired with Jason Welch about being promoted to Mail Carrier and getting a raise several times from 2017-2019. But Plaintiff testified at his deposition, he did not ask Welch for a raise until the end of 2019 at the earliest. CR.51:7-25. No explanation was or has been provided explaining this discrepancy, therefore his testimony that he requested a raise "several times" between 2017-2019 must be disregarded. Accordingly, the undisputed evidence in the record establishes that there was not, and could not have been, continuous discrimination since 2017.

Even assuming his version of events were true (which they are not), his argument fails legally. Despite relying heavily on the continuing violation doctrine to argue exhaustion, Plaintiff-Appellee never directly addresses Appellant's textual argument that the doctrine is limited to hostile work environment claims. Appellees.Br.11-14. Thus, it should be construed as uncontested, *e.g.*, *Lachicha v. Medina*, 657 S.W.3d 829, 839 n.4 (Tex. App.—El Paso 2022, no pet.) (deeming an appellee's argument waiver by inadequate briefing under Tex. R. App. P. 38.1(i), 38.2(a)); *Fuller v. Le Brun*, 616 S.W.3d 31, 46 (Tex. App.—Houston [14th App.] 2020) (same).

But even if the continuing violation doctrine did apply, it would still not save his claims. Plaintiff-Appellee's Response argues that when "continuing discrimination" occurs, the "continuing violation" applies so that the clock does not begin to run until one of the involved discriminatory events "should, in fairness and logic, have alerted the average layperson to protect his or her rights." Appellees.Br. at 13. In his view, that event was in October 2020. *Id.* at 14 ("Plaintiff filed his charge of discrimination on one hundred and forty-eight (148) days after the last day of the continued employment action [October 2020] on January 13, 2021." By this logic, Plaintiff was not alerted to the discrimination he alleges he experienced until October 2020 – when he received a raise. But Plaintiff's own allegations establish that he believed he was being discriminated against in 2017, and at the end of 2019 at the latest. Plaintiff cannot have it both ways: argue that he was discriminated against in 2017 to support his claim, but also that he was not "alerted" to the discrimination until October 2020 to survive the exhaustion argument.

Because the continuing violation doctrine does not apply to Plaintiff-Appellee's claim and he did not file his Charge within the

requisite timeframe, he failed to exhaust his administrative remedies. Accordingly, the lower court lacks jurisdiction over his claim and this Court should reverse the denial of Defendant's Plea to the Jurisdiction.

## II. Defendant's Motions for Summary Judgement are not Before this Court thus; Appellee's Related Arguments Should be Disregarded.

Plaintiff-Appellee spends an inordinate amount of briefing arguing against a position Appellant did not take. Namely, that this Court should uphold the trial court's denial of Defendant's No-Evidence and Traditional Motions for Summary Judgment. See Appellees.Br.14-30. However, Appellant did not appeal the denial of these motions, as an order denying a motion for summary judgment is not typically of the kind subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(1)-(15). Here, Defendant's Plea to the Jurisdiction was based on Plaintiff's failure to exhaust administrative remedies. In contrast, Defendant's motions for summary judgment motion were not jurisdictional in nature but rather based on Plaintiff-Appellee's failure to make a prima fascia Title VII claim.

Thus, this Court lacks jurisdiction to reach these issues raised in Plaintiff-Appellee's brief. Should the ruling on Defendant's summary

judgments motions become final judgments, Defendant will consider appealing the rulings at that time. For now, however, the only issue before this Court is whether the trial court erred in denying Defendant's Plea to the Jurisdiction. It did.

## Prayer

For the reasons outlined in Appellant's opening brief and this Reply in support thereof, this Court should reverse the trial court's order denying Defendant's Plea to the Jurisdiction. CR.170.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

/s/ *Brianna M. Krominga*
**BRIANNA M. KROMINGA**
Attorney-in-Charge
Texas Bar No. 24103252
Office of the Attorney General
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 230-5914 / Fax (512) 320-0667
Brianna.krominga@oag.texas.gov

### *Counsel for Appellant*

### Certificate of Compliance

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14- point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1,704 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ *Brianna M. Krominga*
**BRIANNA M. KROMINGA**
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thomas Ray on behalf of Brianna Krominga
Bar No. 24103252
thomas.ray@oag.texas.gov
Envelope ID: 104629234
Filing Code Description: Other Brief
Filing Description: Reply in Support of Appellant's Brief
Status as of 8/20/2025 3:02 PM CST

Associated Case Party: JAMES MCMERCHANT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Crocker | 24098868 | ali@cralawfirm.com | 8/20/2025 2:59:46 PM | SENT |
| Annelis Rico | | annelis@cralawfirm.com | 8/20/2025 2:59:46 PM | SENT |

Associated Case Party: University of Texas at Arlington

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 8/20/2025 2:59:46 PM | SENT |
| Brianna Krominga | | brianna.krominga@oag.texas.gov | 8/20/2025 2:59:46 PM | SENT |